UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| EDDIE J. PRATT #229718, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:05-cv-135 |
| | ) | |
| v. | ) | HON. RICHARD ALAN ENSLEN |
| | ) | |
| UNKNOWN BERGH, | ) | |
| | ) | **OPINION** |
| Respondent. | ) | |
| | ) | |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner's application for habeas corpus relief is properly dismissed with prejudice for lack of merit.

**Discussion**

     I.     Factual allegations

Petitioner claims that he was convicted of a major misconduct conviction on January 29, 2004, following a hearing held by Hearings Officer Thomas M. L. Wolven. Petitioner subsequently filed an administrative appeal, which was denied on June 16, 2004. Petitioner states that he is barred from appealing in the state court because he did not file his petition for judicial review within 60 days. However, Petitioner states that he is actually innocent of the crime, so he may overcome the procedural default. Petitioner states that his misconduct conviction constitutes a violation of his due process rights because he was not given adequate notice of the charge, he was not allowed to examine confidential statements, he was denied an impartial tribunal and the credibility of the confidential informant was not established.

     II.     Analysis

Petitioner concedes that he has procedurally defaulted in the state courts by failing to file a timely petition for judicial review. Petitioner claims that he is able to overcome this procedural default because he can show cause and prejudice for the default and because he is actually innocent of the misconduct. Petitioner contends that he did not receive the results of his administrative appeal until August of 2004, after he asked his family to seek the decision through the Freedom of Information Act (FOIA). Petitioner states that this delay caused his inability to file a timely appeal in the state court. The Court will assume, without deciding, that there was no procedural default by Petitioner and decide the merits of the case. *Binder v. Stegall*, 198 F.3d 177, 178 (6th Cir. 1999).

Petitioner was found guilty of accomplice to assault resulting in serious physical injury following a major misconduct hearing on January 29, 2004. Petitioner attaches a copy of the hearing report as an exhibit to his petition in this case. In the section for evidence/statements, the hearing officer stated:

> The critical incident report included statements from the reporter, staff members Lampkin, R.N. Sawyer, Ernest, R.N. Welch, Mulholland, Malmo, Phillips, related misconduct reports on prisoners Patterson, Pratt, Adkins and Dawson, 2 medical reports on Off. Mulholland, and 13, photos showing: 1-4) blood on right cheek of pris. Trigg; 5-9) blood spots on floor on ground or footprints in snow; 10-13) outside walk areas with blood spots evident in 2 of those photos. Hearing officer read silently the statements of confidential witnesses which are so marked. Hearing officer keeps confidential those statements due to the potential for physical retaliation against the authors if those statements were disclosed. Pratt admits he is known as "Pee Wee" to other prisoners. He denies being able to point out pris. Trigg to any attacker or pris. Patterson that day, claiming he was back in his cell after supper before prisoner on the other wing in unit 2 went to supper. He said he did not identify Trigg to anyone, he did not witness Trigg being stabbed and he was not out on the walk when it happened. He pled not guilty to this violation and made no other relevant comments during this hearing. Hearing officer spoke with Sgt. Jimerson in unit 2. Jimerson reports that per the unit 2 logbook for the last meal on 1-22-04, C wing ate first at 1647 and B wing went next to eat at 1710. Pratt was so advised. He then claimed that his copy of the misconduct report said he locked on C wing. He obtained his copy, but it showed his lock as "2-B-310u" like the original. Pratt was several times asked by the hearing officer during this hearing what pris. Mumford was referring to when he wrote to Pratt "Is that in the fieldhouse, you know what I'm talking about." Pratt repeatedly looked down and away from this Hearing officer when he said "I don't know." Hearing officer pointed out that a statement from pris. Patterson written by Patterson and attached to his hearing packet in this case suggested that the weapon used to stab Trigg may have at one time been hidden in a closet area in the fieldhouse. Pratt said he pled not guilty to this violation and made no other relevant comments during this hearing.

Under the "reason for finding" section of the hearing report, the hearing officer stated:

> Hearing officer finds the misconduct report, the staff statements and photos showing injury to Trigg and blood spots, and the statements of all 3 confidential witnesses presented at this hearing, to be credible and convincing, Hearing officer finds that pris. Pratt's claims that he did not identify pris. Trigg for others so that Trigg could be followed and then severely attacked and repeatedly stabbed by another prisoner are not credible nor persuasive.  Hearing officer finds that Pratt's claim that he could not have identified Trigg to others because he had no contact with others charged in this matter near the supper meal is not supported by any evidence presented at this hearing and is disputed by the information provided by Sgt. Jimerson during this hearing. Hearing officer finds that the confidential witness statements are credible and reliable, as they are consistent with other facts found to exist in this case.  Hearing officer finds that at or perhaps prior to 1730 on 1-22-04, near the food service building pris. Pratt pointed out pris. Trigg to prisoners Martin, Dawson and Adkins so that they could follow Trigg.  Hearing officer finds that the actions of Pratt assisted Dawson and Martin in being able to stop Trigg as he walked back to his housing unit, and aided pris. Adkins to carry out a stabbing attack on pris. Trigg.  Hearing officer finds that Adkins physically attacked and repeatedly stabbed pris. Trigg in the face using an ice pick like metal weapon on the walk near units 3 and 4 at 1730 on 1-22-04. Hearing officer finds that Adkins chased Trigg when he ran and jumped on Trigg [illegible] fell in the snow, repeatedly stabbing Trigg in the face and head with the weapon, leaving serious wounds to the victim.  Hearing officer finds that Pratt assisted Adkins in this physical attack by identifying the victim so the attack could be carried out.  Hearing officer finds that Pratt did intentionally assist Adkins in committing a serious physical attack on pris. Trigg which resulted in injuries and medical treatment for those injuries.  Charge sustained.

(See Hearing Report on major misconduct for insolence dated January 29, 2004, which is attached as exhibit to Petitioner's application for habeas corpus relief.)

It is clear that Petitioner received due process of law, and that he cannot support any claim that his constitutional rights were violated during the misconduct hearing.  Prison inmates subject to serious disciplinary action are entitled to: (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence

when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If, as in this case, the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Mass. Inst., Walpole v. Hill*, 472 U.S. 445 (1985). Petitioner has failed to show that his constitutional rights were denied.

## Conclusion

In light of the foregoing, the Court concludes that Petitioner's application should be summarily dismissed pursuant to Rule 4 because it lacks merit.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was

"intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of a certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. As noted above, Petitioner has failed to show that his hearing was held in violation of the 14 day rule required under state law. Moreover, such a claim, if factually supported, does not constitute a violation of the Due Process Clause. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:              /s/ Richard Alan Enslen
                                    RICHARD ALAN ENSLEN
       July 19, 2005                   UNITED STATES DISTRICT JUDGE